IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELTON R. THOMAS, | : |
| Plaintiff, | : |
| | : CIVIL NO. 5:14-CV-270 MTT |
| VS. | : |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, *et al.,* | : |
| | : 42 U.S.C. § 1983 |
| Defendants. | : |

## ORDER

The Court previously dismissed Plaintiff Shelton R. Thomas's Section 1983 complaint under the "three strikes" provision of 28 U.S.C. § 1915(g).  Order, Aug. 18, 2014, ECF No. 5.  Plaintiff seeks reconsideration of that Order, arguing that he qualifies for the "imminent danger" exception to §1915(g).  In support of this argument, Plaintiff points the Court to portions of his complaint- portions the Court considered when it dismissed Plaintiff's complaint.

Reconsideration of the Court's order "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, No. 5:08-cv-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010).  Plaintiff does not assert that there was an intervening change in the law or that he has discovered new evidence, so the Court presumes that he is arguing that the Court made a clear error of law or fact.  To show "clear error, the party moving for reconsideration

must do more than simply restate his prior arguments." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997). Plaintiff did not meet this burden. Rather, he simply pointed the Court to portions of his complaint that the Court already considered. Moreover, the Court is not persuaded that its ruling was clearly erroneous. Plaintiff's allegations, based on "information and belief," that he risks pain, disability, and "even death" if he is not given the medication he wants for high blood pressure, enlarged prostate, and arthritis do not sufficiently allege imminent danger of serious physical injury. Unlike the prisoner in *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004), the Plaintiff only vaguely alleges that he may suffer some pain, or for some unspecified reason, death. *See Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006); *cf. Jackson v. Jackson*, 335 F. App'x 14, 15 (11th Cir. 2009). Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

    **SO ORDERED**, this 3rd day of November, 2014.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT

lws